UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL CLARK SUMMERS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C05-5415FDB

ORDER DENYING 2255 MOTION AND DISMISSING CAUSE OF ACTION

Following a jury trial, Petitioner was convicted on all counts (felon in possession of a firearm and possession of an illegal weapon). Petitioner bases his motion of *United States v. Booker*, 125 S. Ct. 738 (2005). Title 28 U.S.C. § 2255 provides a one-year statute of limitations for motions for collateral relief. The one-year period runs from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" *Id.* at ¶ 6.

The judgement of conviction became final in this case on February 25, 2002 when the Supreme Court denied certiorari. Petitioner filed his motion on June 13, 2005 and was, thus, not within the one-year limitations period. The *Booker* decision was announced less than one year

before Petitioner's motion, but there is nothing in the opinion stating that *Booker* is retroactively applicable to cases on collateral review. This Court has so concluded in previous cases. As the Court has previously concluded, and as the Government argues herein, a new rule of law is not generally applied retroactively to criminal cases on collateral review. There are two exceptions, (1) if the new rule is substantive, affecting the scope of a criminal statute and the underlying conduct that constitutes a violation of that statute; or (2) if the new rule is deemed a "watershed" rule of criminal procedure implicating fundamental fairness. The decision in *Booker*, which effectively rendered the Federal Sentencing Guidelines advisory rather than mandatory, is not a new rule that falls within either of the exceptions. ACCORDINGLY,

IT IS ORDERED: Petitioner's Motion pursuant to 28 U.S.C. § 2255 is DENIED and this cause of action is DISMISSED.

DATED this 20th day of September, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE